UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK J. MORRISON,

                          Plaintiff,

                                                                               DECISION AND ORDER

                                                                               07-CV-6633L

                     v.

CORRECTIONAL OFFICER E. J. HARTMAN,
CORRECTIONAL OFFICER KOZLOWSKI,
CORRECTIONAL OFFICER KINGSLEY,

                          Defendants.
_____

## INTRODUCTION

Plaintiff Patrick J. Morrison ("Morrison") brings this action pursuant to 42 U.S.C. §1983, against Corrections Officers Hartman, Kingsley and Kozlowski ("defendants"). Morrison alleges that on October 20, 2007, while he was temporarily confined at Attica Correctional Facility, the defendants harassed, assaulted and subjected him to excessive force, in violation of his constitutional rights.

The defendants now move for summary judgment pursuant to Fed. R. Civ. Proc. 56, on the grounds that Morrison has failed to exhaust his administrative remedies. (Dkt. #44). For the reasons set forth below, the defendants' motion is denied.

# DISCUSSION

**I.  Summary Judgment**

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

In order to defeat a summary judgment motion properly supported by evidence in admissible form, the non-movant must offer comparable materials demonstrating the existence of a genuine issue of material fact. *See Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Cons. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990), and cannot rest solely on the allegations in his or her pleadings, or purely conclusory statements. *See Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).

**II.  Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act of 1995 ("PLRA") requires that prior to commencing litigation, a prisoner must exhaust all available administrative remedies. 42 U.S.C. §1997e(a). The PLRA's exhaustion requirement pertains to "all inmate suits about prison life, whether they involve

general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). *See also Presslar v. Tan*, 2003 U.S. Dist. LEXIS 2688 at *8 (W.D.N.Y. 2003).

The administrative remedies applicable to inmates initially require the submission of a grievance within five days of the relevant occurrence, to an Inmate Grievance Coordinator ("IGC"). The inmate may appeal the IGC's determination to the facility superintendent, and then appeal the superintendent's decision to the Central Office Review Committee ("CORC"). *See* 7 NYCRR §701.1, §701.5. In the usual case, all levels of the grievance procedure must be exhausted before an inmate may commence litigation in federal court. *See Macias v. Zenk*, 495 F.3d 37, 43-44 (2d Cir. 2007); *Porter*, 534 U.S. 516 at 524; *Boomer v. DePerio*, 405 F. Supp. 2d 259, 262 (W.D.N.Y. 2005); *Colon v. Harvey*, 344 F. Supp. 2d 896, 897 (W.D.N.Y. 2004).

It is undisputed that Morrison did not file a grievance concerning the October 20, 2007 incident within five days of its occurrence. Morrison concedes his failure to file a timely grievance, but claims that he did not do so because the defendants threatened to kill him and his family if he complained about the alleged October 20, 2007 assault. Defendants deny ever having threatened Morrison.

Morrison was transferred to Fishkill Correctional Facility ("Fishkill") in November 2007. The parties agree that Morrison successfully filed a number of grievances at Fishkill relating to a variety of subjects, beginning in December 2007. It is also undisputed that in March 2008, Morrison attempted to file a grievance at Fishkill concerning the October 20, 2007 Attica incident, which was properly rejected as untimely.

In *Hemphill v. New York*, the Second Circuit prescribed a three-step inquiry to be utilized when an inmate "plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by the PLRA." 380 F.3d 680, 686 (2d Cir. 2004).[1] First, the Court must determine whether administrative remedies were available to the inmate. Second, the Court must "inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense." Finally, if the Court determines that administrative remedies were available and that there is no basis to estop defendants from raising the non-exhaustion defense, "the court should consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements." *Id*. (citations and internal quotations marks omitted).

Defendants urge that the *Hemphill* factors cannot be satisfied. They argue that grievance procedures were demonstrably available to plaintiff, because plaintiff was able to successfully file multiple grievances at Fishkill.

There is no dispute that administrative remedies were "available" to Morrison in the strict sense, in that grievance procedures had been effectively established and were known to him. The

---

[1] In the case of *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court found that the PLRA inexorably requires "proper exhaustion [in the form of] compliance with an agency's deadlines and other critical proceedings." 548 U.S. 81 at 101. Although some district courts in the Second Circuit have questioned whether *Hemphill* has been abrogated in some measure by *Woodford*, the Second Circuit has continued to apply the *Hemphill* analysis in recent cases, and it appears to remain the governing law at present. *See Vogelfang v. Riverhead County Jail Officers*, 2009 U.S. App. LEXIS 1914 (2d Cir. 2009) (district court erred in failing to consider plaintiff's argument that failure to exhaust should be excused pursuant to the *Hemphill* test).

availability test under *Hemphill*, however, is not dependant upon the mere existence of grievance procedures. Rather, the test is an "objective one: that is, would 'a similarly-situated individual of ordinary firmness' have deemed them available." *Hemphill*, 380 F.3d 680 at 688, *quoting Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003). In fact, the Second Circuit specifically observed in *Hemphill* that, "it should be pointed out that *threats or intimidation by prison officials may well deter a prisoner of 'ordinary firmness' from filing an internal grievance . . .*" *Id* (emphasis added).

Consistent with *Hemphill*, district courts in the Second Circuit have concluded that where an inmate plausibly alleges that his failure to file a grievance was due to threats of physical harm by defendant officers, there exists a material question of fact as to whether the defendant officers may rely upon the inmate's non-exhaustion as an affirmative defense. *See Lunney v. Brureton*, 2007 U.S. Dist. LEXIS 38660 at *31-*32 (S.D.N.Y. 2007) (collecting cases). *See also Mandell v. Goord*, 2009 U.S. Dist. LEXIS 90043 at *27 (N.D.N.Y. 2009) (denying motion for summary judgment based on non-exhaustion grounds, where inmate claimed he had been severely beaten by defendants and threatened against reporting the assault, as described in his complaint, as well as in the untimely grievance he had attempted to file after transfer to a different facility).

The grievance that Morrison attempted to file at Fishkill stated that, "[t]he reason why [this grievance is] late is because the C.O.s at the Attica C.F. beat me up, sexually assaulted me and threaten [sic] to kill me and my family if I told anyone." (Dkt. #54, Exh. A). At his deposition, Morrison testified that the officers beat him and threatened to kill him and his family, and that afterward, defendant Officer Kingsley challenged him to, "[g]uess what happens to snitches . . . they get stitches." (Dkt. #54, Exh. E at 113:19-20). He further testified that after he was transferred to

Fishkill, he filed unrelated grievances, but felt that he "had to wait" to make any complaint about the October 20, 2007 incident, because he had been explicitly threatened by defendants Hartman, Kozlowski and Kingsley that, "if I tell anybody what [defendants] did, they [are] going to kill me and my family." (*Id*. at 142:5-15).

Accepting all of Morrison's allegations as true, as I must on this motion for summary judgment, I conclude that a similarly-situated inmate of "reasonable firmness," having been beaten and threatened not to "snitch" about the incident under threat of bodily harm to himself and his family, would not have considered prison grievance procedures to be "available" to him. *See e.g.*, *Lunney*, 2007 U.S. Dist. LEXIS 38660 at *31-*32.

Furthermore, even if grievance procedures had been "available" to Morrison within the meaning of *Hemphill*, I find that defendants' conduct in threatening Morrison, as alleged by Morrison and presumed to be true for purposes of this motion, so "inhibit[ed] the inmate's exhaustion of remedies" as to estop the defendants from raising failure to exhaust as a defense, and/or constituted special circumstances sufficient to justify non-exhaustion. *Hemphill*, 380 F.3d 680 at 686.

## **CONCLUSION**

For the foregoing reasons, I find that there are material issues of fact concerning whether and to what extent defendants threatened plaintiff concerning the October 20, 2007 incident, and the extent to which such threats may have foreclosed plaintiff from timely exhausting his administrative

remedies, and thereby excused him from the exhaustion requirement. Accordingly, defendants' motion for summary judgment dismissing the complaint (Dkt. #44) is denied, without prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      March 3, 2010.