# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

PATRICK J. MORRISON,

        Plaintiff,          DECISION AND ORDER
v.          07-CV-6633

E.J. HARTMAN, *et al.*,

        Defendants.

## Preliminary Statement

Currently pending before the Court are *pro se* plaintiff's motions to compel (Dockets ## 42, 51) and motion for sanctions (Docket # 51). Plaintiff filed the instant action on December 20, 2007. (Docket # 1). His Complaint alleges claims for cruel and unusual punishment in violation of 42 U.S.C. § 1983. (Docket # 1). Specifically, plaintiff claims that from October 3, 2007 through October 30, 2007, while confined at the Attica Correctional Facility, defendants physically beat him, sexually assaulted him, and threatened his life and the lives of his family. (Docket # 1).

## Discussion

Plaintiff's Motions to Compel: Currently pending before the Court are two motions to compel filed by plaintiff. (Dockets ## 42, 51). With both motions, plaintiff seeks to compel responses to his Fourth set of Interrogatories. (Dockets ## 42, 51). Plaintiff argues that he has not exceeded the limit on the permissible number of Interrogatories and, therefore, defendants should be compelled to respond.

In response to plaintiff's motions, defendants argue that prior to serving his Fourth set of Interrogatories, plaintiff had already "exceeded the limit on the number of Interrogatories that can be served on each defendant set forth in Rule 33(a)" and "has not sought leave to serve more interrogatories than allowed by Rule 33." See Declaration of Emil J. Bove, Jr., Esq. (hereinafter "Bove Decl.") (Docket # 55) at ¶ 12. Specifically, defendants assert that "plaintiff has served 60 interrogatories on defendant Hartman, has served 42 interrogatories on defendant Kingsley, and has served 46 interrogatories on defendant Kozlowski." Id. Defendants also argue that the Interrogatories in plaintiff's fourth demand "are repetitious and or covered by the information sought in his first and second interrogatories" or "is covered by the directions contained in the Court's August 4, 2009 Order, Docket Number 50." Id. at ¶ 13.

By Decision and Order dated August 4, 2009, the Court decided, *inter alia*, two of plaintiff's prior motions to compel (Dockets ## 18, 26). (Docket # 50). In its Decision and Order, the Court ordered the following:

> At a minimum, defense counsel must (1) speak to his clients to ascertain whether a defendant has any personal recollection of a prior complaint or lawsuit that may be responsive, and (2) review the defendants' personnel files to determine whether any information contained therein is responsive. The Court directs that defense counsel file an affidavit with the Court confirming that a good faith investigation has been conducted into relevant prior complaints and disclosing the results of that investigation. If relevant documents are discovered but being withheld from disclosure, counsel shall submit such documents to the Court for *in camera* review.

See Decision and Order dated August 4, 2009 (Docket # 50) at pp. 3-4 (footnote omitted). The Court further ordered that:

> First, to the extent photographs of the cell plaintiff was confined in at Attica Correctional Facility in October 2007 exist, they should be produced. Second, witness statements prepared by any employee of the State of New York in connection with the events from which the plaintiff's claims arose must be produced if they have not already been disclosed.

See id. at p. 5 (footnote omitted). The Court's view of the docket indicates that defendants have not complied with the Court's August 4, 2009 Decision and Order. However, in their response to plaintiff's motions to compel (Dockets ## 42, 51) they indicate that the Court should deny certain of plaintiff's requests for responses because said responses are "Covered by Order dated August 4, 2009." See Exhibits "B," "C" and "D" annexed to Bove Decl. (Docket # 55).

The Court, having reviewed plaintiff's First, Second, Third and Fourth sets of Interrogatories/discovery demands, finds that plaintiff has in fact exceeded the number of Interrogatories allowed under Rule 33(a)[1] of the Federal Rules of Civil Procedure ("FRCP"). Additionally, the Court finds that plaintiff's Fourth set of Interrogatories is largely repetitious, as it seeks information previously requested in plaintiff's First, Second and Third sets of Interrogatories. These findings notwithstanding, the Court, having reviewed the papers both in support of and in opposition to

---

[1] Pursuant to FRCP Rule 33(a), "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."

plaintiff's motions to compel (Dockets ## 42, 51, 55), as well as plaintiff's First, Second, Third and Fourth sets of Interrogatories/discovery demands (Dockets ## 14, 16, 19, 41) and defendants' responses thereto (Dockets ## 17, 21, 22, 23, 24, 30, 34), hereby Orders that:

1. Defendant Hartman is ordered to respond to Interrogatory Number 2 in plaintiff's Fourth set of Interrogatories;
2. Defendants are ordered to produce the information previously ordered to be produced in this Court's August 4, 2009 Decision and Order (Docket # 50) **within ten (10) days of entry of this Order**; and
3. In all other respects plaintiff's motions to compel defendants to respond to his Fourth set of Interrogatories are denied.

Plaintiff's Motion for Sanctions:

Currently pending before the Court is plaintiff's motion for sanctions (Docket # 51). With the instant motion (Docket # 51), plaintiff seeks unspecified sanctions against defendants for their failure to respond to his Fourth set of Interrogatories.

Under FRCP Rule 37(b)(2), a court may impose sanctions for failure "to obey an order to provide or permit discovery..." Accordingly, "[a] district court has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2)." Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991);

4

see also Kolerski v. U.S., No. 06CV422S, 2007 WL 2325856, at *2 (W.D.N.Y. Aug. 13, 2007)("This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under either subdivision of Rule 37."). Exercising my discretion, and considering the circumstances present here, the Court declines to grant plaintiff's motion for sanctions (Docket # 51).

## Conclusion

Plaintiff's motions to compel (Dockets ## 42, 51) are **granted in part and denied in part**. Plaintiff's motion for sanctions (Docket # 51) is **denied**. All of the dates in the Court's most recent scheduling order have expired and on March 3, 2010 Judge Larimer denied defendants' motion for summary judgment. (Docket # 64). On or before **April 29, 2010** defense counsel and plaintiff must advise the Court in writing whether this case is ready for trial before Judge Larimer.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 19, 2010
Rochester, New York