UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK J. MORRISON,

                Plaintiff,

          -v-

E.J. HARTMAN, et al.,

                Defendants.
_____

**DECISION AND ORDER**

07-CV-6633L

## INTRODUCTION

Plaintiff Patrick J. Morrison ("Plaintiff"), who is proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at Attica Correctional Facility ("Attica"), in the custody of the New York State Department of Correction and Community Supervision ("DOCCS"). At the time of the relevant events, Defendants Hartman, Kozlowski, and Kingsley (collectively, "Defendants") were Correction Officers employed by DOCCS.

Currently before the Court is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 (Dkt. # 80). For the reasons that follow, Defendants' motion for summary judgment is granted in part and denied in part.

## FACTUAL BACKGROUND

Plaintiff alleges that on October 20, 2007, while plaintiff was confined in the Attica Special Housing Unit, Defendant Hartman skipped him while serving breakfast, and Plaintiff

subsequently complained about this to the captain. According to Plaintiff, Hartman retaliated by writing a false misbehavior report against Plaintiff.[1]

Upon his receipt of the misbehavior report, Plaintiff reported to a mental health nurse that he was feeling suicidal and wanted to go to the Mental Health Unit ("MHU"). Plaintiff alleges that while he was being escorted to the MHU, Defendants Hartman and Kozlowski took him into an elevator (which had no video cameras), where they hit him in the head with closed fists and a walkie-talkie, and kicked him. *See* Pl. Depo. (Dkt. #80-3) at 114.

Plaintiff further alleges that after the elevator reached the third floor, Defendant Kingsley, who was not involved in escorting Plaintiff, directed Plaintiff to strip for a frisk. Kingsley, who was in a viewing room, observing Plaintiff through a window, directed Plaintiff to undress, rub his fingers through his hair, lift his testicles, and spread his buttocks. When Plaintiff complied, Kingsley allegedly told him to "take both fingers and rub them in [Plaintiff's] mouth," which Plaintiff did. *Id.* at 120-21. Plaintiff alleges that Kingsley then handed him a medical gown and grabbed plaintiff's left nipple before placing him in his cell.

Defendants now move for summary judgment on the grounds that: (1) Plaintiff did not exhaust his administrative remedies; (2) Plaintiff does not establish that the force allegedly used by Defendants Hartman and Kozlowski constitutes a violation of the Eighth Amendment; and (3) Hartman's and Kingsley's alleged acts do not rise to the level of a constitutional violation. *See* Def. Mem. (Dkt. #80-4) at 7-16. Plaintiff opposes the motion. (Dkt. #83, #85).

---

[1]Plaintiff does not advance a claim based on the issuance of the allegedly false misbehavior report, nor would such a claim be cognizable under § 1983. *See Freeman v. Rideout*, 808 F.2d 949, 952 (2d Cir. 1986); *Colantuono v. Hockeborn*, 801 F.Supp.2d 110, 116 (W.D.N.Y. 2011).

# DISCUSSION

I. **Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate where the moving papers and affidavits submitted by the parties "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

To survive a motion for summary judgment, the non-moving party must produce evidence in admissible form "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). All evidence will be viewed in the light most favorable to the non-moving party, and the court must draw all reasonable inferences in that party's favor. *See, e.g.*, *American Casualty Company of Reading, P.A. v. Nordic Leasing, Inc.*, 42 F.3d 725, 728 (2d Cir. 1994).

Where, as here, the party opposing summary judgment is proceeding *pro se*, the Court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir. 1999). Nevertheless, "proceeding *pro se* does not otherwise relieve [an opposing party] from the usual requirements of summary judgment." *Fitzpatrick v. N.Y. Cornell Hosp.*, No. 00-Civ.-8594, 2003 WL 102853 at *5 (S.D.N.Y. Jan. 9, 2003). In responding to a properly-supported motion for summary judgment, the plaintiffs may not reply upon conclusory allegations or denials, but instead must produce evidence in admissible form, setting forth "concrete particulars" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984).

## II. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Rand v. Perales*, 737 F.2d 257, 260 (2d Cir. 1984).

## III. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To satisfy the PLRA's exhaustion requirement, an inmate in New York is generally required to follow the prescribed DOCCS grievance procedure, which is set forth at 7 N.Y.C.R.R. § 701.5. That procedure entails the submission of a grievance, within twenty-one days of the relevant occurrence, to the Inmate Grievance Program supervisor. The grievance is then forwarded to the Inmate Grievance Resolution Committee ("IGRC"), which has sixteen days to resolve it informally or to conduct a hearing.

If dissatisfied with the IGRC's determination, the inmate may, within seven days after receipt of that determination, appeal to the facility superintendent, who has twenty days to render a decision. The inmate then has another seven days after receiving the superintendent's decision to take the final step, appeal to the Central Office Review Committee ("CORC"). All three steps

of this grievance procedure must ordinarily be exhausted before an inmate may commence suit in federal court. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Although the exhaustion requirement is generally mandatory, an inmate's failure to exhaust may be excused in some circumstances if an inmate demonstrates that threats or intimidation either "rendered all administrative remedies unavailable ... [or that] some procedures that would ordinarily be available were effectively unavailable." *Hemphill v. New York*, 380 F.3d 680, 687 (2d Cir. 2004). Whether remedies were unavailable is an objective inquiry, asking whether "a similarly situated individual of ordinary firmness have deemed them available." *Id.* at 688 (internal quotation omitted). "[M]ere allegation[s] of a generalized fear of retaliation [are] insufficient" to excuse a failure to file a grievance. *Brown v. Napoli*, 687 F.Supp.2d 295, 297 (W.D.N.Y. 2009) (collecting cases). In addition, the failure to allege that the inmate was specifically threatened regarding the grievance procedures may lead to the conclusion that a similarly-situated individual may have not considered the administrative remedies unavailable. *Snyder v. Whittier*, 428 Fed. Appx. 89, 91 (2d Cir. 2011).

Defendants contend that Plaintiff's claims are barred because he failed to file a grievance and therefore did not properly exhaust his administrative remedies. *See* Def. Mem. at 9-10. It is surprising that defendants advance this argument, since this Court has previously rejected that same argument on Defendants' prior motion for summary judgment (Dkt. #44), which was based entirely on nonexhaustion grounds. *See* 2010 WL 811319 (W.D.N.Y. Mar. 3, 2010). In that decision, the court found that "there [we]re material issues of fact concerning whether and to what extent defendants threatened plaintiff concerning the October 20, 2007 incident, and the

extent to which such threats may have foreclosed plaintiff from timely exhausting his administrative remedies, and thereby excused him from the exhaustion requirement." *Id.* at *3.

In support of their current mtion, defendants state that "at this time, the defendants have attached a copy of the transcript of the deposition of the plaintiff ... which will give the court the additional information it needs to make an inquiry pursuant Hemphill v. New York, [sic] ... and determine whether the defendants may use the affirmative defense of non-exhaustion." Def. Mem. (Dkt. #80-4) at 9. Defendants, however, have not pointed to anything in the plaintiff's deposition transcript that calls for a reexamination of the Court's earlier finding concerning this matter. Simply filing a 154-page transcript, with no citation to any particular parts of the transcript or any explanation of how it relates to the exhaustion issue, is not enough to entitle defendants to summary judgment. *See Hughes v. Stryker Sales Corp.*, No. 08-0655, 2010 WL 1961051, at *3 n.6 (S.D.Ala. May 13, 2010) ("to the extent that plaintiff would have the Court sift through her mountain of exhibtis for items that might lend support to her arguments on summary judgment, she cannot shirk or shift her Rule 56 burden in that fashion"). For the reasons stated in the Court's previous Decision and Order, then, the Defendants are not entitled to summary judgment on the ground of non-exhaustion. *See* 2010 WL 811319, at *3.

IV.     **Plaintiff's Claims**

A.      **Excessive Force**

Defendants contend that Plaintiff has failed to establish that the force alleged violated his Eighth Amendment rights. *See* Def. Mem. at 10-12. To make out such a claim,

6

> a plaintiff must meet both an objective and a subjective requirement. To satisfy the objective requirement the plaintiff must prove that the violation is sufficiently serious or harmful enough by objective standards. The objective component is context specific, turning upon contemporary standards of decency. Hence, a *de minimis* use of force will rarely be sufficiently serious or harmful enough. In other words, not every push or shove, even if it may later seem unnecessary, violates a prisoner's constitutional rights.
>
> To meet the subjective requirement, the plaintiff must prove that one or more of the defendants had a wanton state of mind when they were engaging in the alleged misconduct. Wantonness turns upon whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm.

*Baskerville v. Mulvaney*, 411 F.3d 45, 47-48 (2d Cir. 2005).

The Second Circuit has made clear, however, that such a claim should not be dismissed simply because the inmate did not suffer any lasting physical injury: "where a prisoner's allegations and evidentiary proffers could reasonably, if credited, allow a rational factfinder to find that corrections officers used force maliciously and sadistically, our Court has reversed summary dismissals of Eighth Amendment claims of excessive force even where the plaintiff's evidence of injury was slight and the proof of excessive force was weak." *Wright v. Goord*, 554 F.3d 255, 270 (2d Cir. 2009). *See, e.g.*, *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) (reversing summary judgment dismissing prisoner's complaint, even though prisoner's evidence of an Eighth Amendment violation was "thin" and plaintiff's medical records "indicated only a slight injury").

Defendants argue that Plaintiff fails to prove that the alleged beating caused any injury severe enough to violate the Eighth Amendment. Defendants note that in his deposition testimony, plaintiff acknowledged that at least some of his back and neck pain predated the October 20, 2007 incident, and they assert that Plaintiff has offered little medical evidence showing that the attack aggravated or exacerbated his preexisting back pain. *See id.*

7

In opposition, Plaintiff has submitted evidence that in the aftermath of the alleged assault on October 20, he repeatedly sought medical attention for head and back pain, that he reported to medical staff that his pain was at least in part due to his injuries sustained in the assault, and that the medications he was provided with did not relieve his pain. *See* Pl. Opp'n. (Dkt. # 83), Ex. C. In light of this evidence, the scope of Plaintiff's injuries presents questions of fact that are best addressed at trial. Even if some of plaintiff's injuries did preexist the alleged assault, there is still a question of fact as to whether and to what extent the alleged beating by Hartman and Kozlowski may have exacerbated those injuries. *See Dunn v. Denk*, 79 F.3d 401 (5th Cir. 1996) (fact that injuries may have involved the aggravation of a preexisting injury does not preclude the possibility of recovery) (en banc).

Additionally, the Defendants have not addressed the subjective component of the Eighth Amendment test: whether Hartman's and Kozlowski's alleged conduct involved the unnecessary and wanton infliction of pain. Considering the facts and evidence in the light most favorable to the Plaintiff, the Court concludes that a rational trier of fact could find that Hartman and Kozlowski did not act in "a good-faith effort to maintain or restore discipline," but rather "maliciously and sadistically to cause harm," when they allegedly beat Plaintiff, unprovoked. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Defendants, in their answers to interrogatories, have denied that the alleged attack occurred, or that they participated in it, (Dkt. #21, #23), but that too simply gives rise to a triable issue of fact. Defendants' motion for summary judgment as to this claim is therefore denied.

B.  **Sexual Abuse and Verbal Harassment**

Defendants also argue that Plaintiff's claims alleging sexual and verbal harassment should be dismissed for failure to state a claim. *See* Def. Mem. at 12-16.

The Second Circuit has recognized that "[s]exual abuse may violate contemporary standards of decency and can cause severe physical and psychological harm" such that "severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation." *Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir. 1997) (citations and quotation omitted).  "Accordingly, allegations of sexual abuse may meet both the subjective and the objective elements of the constitutional test, thereby stating an Eighth Amendment claim under Section 1983." *Id.*

In *Boddie*, the Second Circuit held that a prisoner's claim did not give rise to a constitutional violation where the complaint alleged that a female correction officer squeezed the plaintiff's hand, touched his penis, called him a "sexy black devil," and pressed herself against him. 105 F.3d 857, 859-61.  Thus, the *Boddie* Court made clear that not every allegation of sexual abuse is sufficient to articulate a claim of constitutional dimension.

Here, Plaintiff's allegations that Defendant Kingsley pinched his left nipple and forced him to touch his own buttocks and then his mouth cannot be said to be severe enough to be "objectively, sufficiently serious" for Eighth Amendment purposes. *See Boddie*, 105 F.3d at 861 ("The isolated episodes of harassment and touching alleged by Boddie are despicable and, if true, they may potentially be the basis of state tort actions.  But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court.") (citation omitted); *Montero v. Crusie*, 153 F.Supp.2d 368, 373, 375 (S.D.N.Y. 2001) (allegation that, on several occasions,

9

correction officer squeezed inmate's genitals while pat-frisking him did not show sufficiently serious deprivation to establish Eighth Amendment violation, particularly when inmate did not allege that he was physically injured by such touching); *McEachin v. Bek*, No. 06-CV-6453, 2012 WL 1113584 (W.D.N.Y. April 2, 2012) (holding that Plaintiff did not state an Eighth Amendment violation where he alleged that Correction Officer "tried to stick his fingers in [Plaintiff's] rectum").

Plaintiff further contends that he was verbally abused and threatened by the Defendants when Hartman directed a racial slur at him and said, "I'll kill you and your family. You don't mess with us," and when Kingsley told him, "Guess what happens to snitches. They get stitches. You f'ing homo." *See* Pl. Depo. at 113.

Allegations of verbal abuse, without more, generally fail to state an actionable claim under the Eighth Amendment. *See Purcell v. Coughlin*, 790 F.2d 263 (2d Cir. 1986); *cf. Carpio v. Walker*, No. Civ.A.95CV1502, 1997 WL 642543, at *6 (N.D.N.Y. Oct. 15, 1997) ("Verbal harassment alone, unaccompanied by any injury, no matter how inappropriate, unprofessional, or reprehensible it might seem, does not rise to the level of an Eighth Amendment violation"); *Wright v. Santoro*, 714 F.Supp. 665, 667 (S.D.N.Y. 1989) (holding that the use of racial insults by prison official, without more, did not constitute an Eighth Amendment violation).

Here, plaintiff has alleged that the verbal harassment by Hartman occurred during the course of the elevator beating incident. While such evidence may be admissible in support of plaintiff's Eighth Amendment claim against Hartman, to show Hartman's state of mind, these allegations in themselves do not state an independent Eighth Amendment claim.

Plaintiff's allegation that Kingsley made threatening and verbally abusive remarks also fails to state an Eighth Amendment claim against Kingsley. Kingsley was not present for the alleged assault and Plaintiff has not alleged any physical ~~an~~ injury inflicted by Kingsley. *See generally*, *Gill v. Hoadley*, 261 F.Supp.2d 113, 129 (N.D.N.Y. 2003) ("42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse") (citing *Alnutt v. Cleary*, 913 F.Supp. 160, 165–66 (W.D.N.Y. 1996)).

## CONCLUSION

Defendants' motion for summary judgment (Dkt. # 80) is granted in part and denied in part. The motion is granted as to Plaintiff's claims of sexual abuse and verbal harassment against Defendants Hartman and Kingsley, and to the extent that plaintiff's claims are based on such alleged conduct, those claims are dismissed. In all other respects, defendants' motion is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 9, 2012.