UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK J. MORRISON,

                          Plaintiff,

                                                                             DECISION AND ORDER

                                                                             07-CV-6633L

              v.

CORRECTIONAL OFFICER E. J. HARTMAN,
CORRECTIONAL OFFICER KOZLOWSKI,
CORRECTIONAL OFFICER KINGSLEY,

                          Defendants
_____

       This is a *pro se* action under 42 U.S.C. § 1983, by Patrick Morrison, who was formerly an inmate in the custody of the New York State Department of Correction and Community Supervision ("DOCCS"). Defendants, all of whom were employees of DOCCS at the time of the relevant events, have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The ground for the motion is that plaintiff has not exhausted his administrative remedies, as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a).

       This is not the first time that defendants have moved to dismiss the complaint in this action, on this same ground. In March 2010, the Court denied defendants' motion for summary judgment on exhaustion grounds, 2010 WL 811319, and the Court did so again in October 2012. 898 F.Supp.2d 577. In the latter decision, I commented that defendants' motion was "surprising," since the Court had previously rejected that same nonexhaustion argument. *Id.* at 581. I also stated that defendants had not pointed to anything in the record "that call[ed] for a reexamination of the Court's earlier finding concerning this matter ... ."

Apparently heedless of this Court's prior ruling that defendants were estopped from raising failure to exhaust as a defense, 2010 WL 811319, at *3, and thinking that the third time might be the charm, defendants have again moved against the complaint, this time advancing some arguments that they failed to press earlier. Defendants' motion papers, however, fail to show that any new evidence has come to light, or that there has been an intervening change in the law since their prior motions were decided. No reason is advanced as to why the present legal arguments could not have been advanced in either of the two prior motions to dismiss. One cannot litigate piecemeal. I see no basis for permitting defendants yet another bite at the apple, and their motion is denied.

## CONCLUSION

Defendants' motion for judgment on the pleadings (Dkt. #92) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 25, 2013.